# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>             Plaintiff,<br><br>      v.<br><br>CABRERA, *et al.*,<br><br>             Defendants. | Case No.  1:23-cv-01014-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>ECF No. 10<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Damen D. Rabb ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint filed on August 24, 2023 is before the Court for screening. (ECF No. 10.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison. Plaintiff alleges that the events in the complaint occurred while he was housed in Wasco State Prison. Plaintiff names as defendants: (1) D. Cabrera, correctional officer at Wasco State Prison, and (2) M. Gonzales, correctional officer at Wasco State Prison.

In claim 1, Plaintiff alleges a First Amendment Retaliation claim.

> "Plaintiff contends that on the date of 7.7.2022, while housed at Wasco State Prison – CDCR, Facility B, unit – 3, control booth, Officer D. Cabrera (correctional officer) violated his first amendment right - retaliation, when abruptly opening Plaintiff's assigned cell door, allowing entry to two inmates, whom attacked and stabbed Plaintiff."

> "Plaintiff asserts that the defendant (D. Cabrera), a state actor, acting under color of law, on said date, in retaliation for Plaintiff having filed grievance, exercised adverse action (retaliation) against Plaintiff. Such actions by defendant-D. Cabrera, did not reasonably advance a legitimate correctional goal, and chilled the Plaintiff's exercise of his First Amendment rights. Plaintiff sustain[ed] serious bodily injury as a direct result of thee [sic] adverse action imposed upon him by defendant."

In claim 2, Plaintiff alleges an Eighth Amendment failure to protect claim.

> "Plaintiff contends that on the date of 7.7.2022, while housed at Wasco State Prison-CDCR, Facility B, unit-3, control booth officer D. Cabrera (correctional officer) violated his Eighth Amendment right-failure to protect, when he opened Plaintiff's assigned cell door allowing entry by two inmate whom attacked and stabbed Plaintiff."

> "Defendant D. Cabrera demonstrated deliberate indifference to conditions posing a substantial risk of serious harm to Plaintiff when he (Defendant D. Cabrera) acted or failed to act despite his knowledge of a substantial risk of serious harm. Defendant D. Cabrera knew of and disregarded the substantial risk of serious harm to Plaintiff."

> "The actions taken by defendant Cabrera was [sic] not mere negligence, as the record will reflect. One of Plaintiff's attackers was summon[ed] and persuaded by Defendant D. Cabrera at the mention of Plaintiff having been convicted of a sexual offense. The leading cause of inmate on inmate violence in CDCR. Defendant D. Cabrera knew of the risk of harm to Plaintiff for such exposure to the inmate-class."

In claim 3, Plaintiff alleges an Eighth Amendment violation for verbal harassment. Plaintiff alleges that on 7/1/22, Plaintiff was contacted by Defendant M. Gonzales, on Facility B, unit 3, at 10:30 p.m. Defendant Gonzales "sadistically and maliciously pose[d] the question to Plaintiff - you feel safe - which Plaintiff describes as being sarcastic and that Plaintiff was not safe and to beware. " On 7/8/22, Defendant Gonzales again makes contact with Plaintiff on unit 5, Facility D (Ag-Seg) and antagonizes Plaintiff by saying "you having fun yet."

"The statement by defendant M. Gonzales, although vague; correlated with thee [sic] events of 7.7.2022, wherein Plaintiff was brutally attacked. The unusually gross verbal harassment has imposed psychological damage upon Plaintiff. For, said verbal harassment came to flourish." Since the incident on 7.7.2022, Plaintiff has a documented period of six full months of being barricaded in his cell for fear of attack and as result of his experience.

As remedies, Plaintiff seeks declaratory relief and compensatory and punitive damages.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

3

572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claim. Plaintiff fails to set forth factual allegations that state a claim for relief. As explained in the Court's prior screening order, Plaintiff fails to set forth sufficient factual support regrading retaliation. Instead, the allegations are formulistic recitations of elements which are insufficient to state a claim. Plaintiff has been unable to cure this deficiency.

**B.    First Amendment - Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270. A plaintiff must plead facts showing that their "protected conduct was the substantial or motivating factor behind the defendant's conduct." *Id.* at 1271. To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff fails to state a claim that any Defendant retaliated against him. Plaintiff fails to allege any facts surrounding the opening of the cell door which connects the cell door opening as retaliation for protected conduct. Plaintiff alleges he filed a grievance, but does not allege if the grievance was against Defendant Cabrera, when it was filed, or how Defendant Cabrera was aware of the grievance. Plaintiff's speculation is insufficient. Plaintiff has failed to allege factual support as to each of the elements of a claim for retaliation as to each responsible Defendant and formulistic recitations of the elements are insufficient. Plaintiff has been unable to cure this deficiency.

///

**C. Eighth Amendment - Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *See Farmer*, 511 U.S. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Farmer, 511 U.S. at 844.

Liberally construing the allegations, Plaintiff states a cognizable claim for failure to protect against Defendant Cabrera (claim 2) for opening the cell door where "one of Plaintiff's attackers was summon[ed] and persuaded by Defendant D. Cabrera at the mention of Plaintiff having been convicted of a sexual offense." Identifying an inmate as a sex offender in front of other inmates for the purpose of putting him at risk of assault states a claim under Eighth Amendment. *See Valdez v. Marques*, No. 21-cv-1500 MMA (RBM), 2021 WL 4690511, at *3-4, 2021 U.S. Dist. LEXIS 194474 (S.D. Cal. Oct. 7, 2021) (collecting cases).

5

**D. Verbal Harassment**

Plaintiff cannot state a cognizable claim for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see *also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting Keenan, 83 F.3d 1083 at 1092).

**E. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill.*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

**IV. Conclusion and Recommendation**

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Defendant Correctional Officer D. Cabrera for failure to protect in violation of the Eighth Amendment. However, Plaintiff's first amended complaint fails to state any other cognizable claims against any other defendant.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed August 24, 2023 (ECF No. 10), against Defendant Correctional Officer D. Cabrera for failure to protect in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 29, 2023**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

7