# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>        Plaintiff,<br><br>    v.<br><br>CABRERA, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01014-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE<br><br>(ECF No. 15) |

Plaintiff Damen D. Rabb ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 29, 2023, the Court screened the first amended complaint and issued findings and recommendations that this action proceed on Plaintiff's first amended complaint against Defendant Cabrera for failure to protect in violation of the Eighth Amendment, and all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. (ECF No. 12.) Plaintiff timely filed objections on September 15, 2023, (ECF No. 13), and the findings and recommendations are pending before the assigned District Judge.

Currently before the Court is Plaintiff's request to file a second amended complaint, filed October 23, 2023. (ECF No. 15.) Plaintiff states that there are elements of his complaint that are important to highlight, that were not in his first amended complaint, that correlate with details in *Rabb v. Figueroa*, Case No. 1:23-cv-00843-JLT-SAB (PC). Plaintiff states that because he is

1

proceeding *pro se*, he made the mistake of not providing that the two events actually stem from a single course of conduct by the defendants in *Rabb v. Figueroa*, which arose at Kern Valley State Prison ("KVSP").  (*Id.*)  Plaintiff has not included a proposed second amended complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *Id.*  These factors do not carry equal weight.  Prejudice is the most important factor to consider.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

As Plaintiff has already amended the complaint once, and no defendant has been served, Plaintiff requires leave of Court to file a further amended complaint.  Fed. R. Civ. P. 15(a)(2). Further, while it is procedurally improper for Plaintiff to file a motion to amend without including a proposed amended complaint, this procedural defect is easily cured and is not a sufficient reason to deny leave to amend that should be "freely given when justice so requires."  *See AmerisourceBergen Corp.*, 465 F.3d at 951.

Having reviewed Plaintiff's request, the Court does not find that the amendment is sought in bad faith.  It is also not clear whether the amendment would prejudice an opposing party, as Plaintiff has not specified whether he is attempting to add new defendants to this action. However, the Court finds that an amended complaint would delay the litigation, in light of the pending findings and recommendations that this action proceed on Plaintiff's first amended complaint.

Further, based on the information provided and after reviewing the complaint in *Rabb v. Figueroa*, the Court finds that, at this time, amendment would be futile.  *Rabb v. Figueroa* brings claims against a completely different set of defendants (Officers Figueroa and Chavez) and arise

from events that occurred on June 3, 2022 at Kern Valley State Prison.  Case No. 1:23-cv-00843-JLT-SAB, Doc. 1.  In the instant action, however, Plaintiff's first amended complaint names as defendants Officers Cabrera and Gonzales, and raises claims arising from events that occurred from July 1, 2022 to July 8, 2022 at Wasco State Prison.  (ECF No. 10.)  Plaintiff has not explained how the addition of facts connecting these two cases—which do not appear to be related—will cure any of the deficiencies identified by the pending findings and recommendations in this action, and therefore amendment at this time appears futile.

As the Court cannot fully evaluate the scope of the proposed amendment without a proposed amended complaint, the Court finds it appropriate to deny the motion without prejudice.  If Plaintiff chooses to renew his motion, he should include a proposed amended complaint that is "complete in itself without reference to the prior or superseded pleading," as required by Local Rule 220.  Plaintiff's re-filed motion to amend should also specifically address how an amended complaint will cure the deficiencies identified by the Court's prior screening orders.

Based on the foregoing, Plaintiff's motion to amend, (ECF No. 15), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __October 24, 2023__        /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

3