# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>        Plaintiff,<br><br>   v.<br><br>CABRERA, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01014-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ESCORT FOR DEPOSITION AS MOOT<br><br>(ECF No. 49) |

      Plaintiff Damen D. Rabb ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Cabrera for failure to protect in violation of the Eighth Amendment.

      Pursuant to the Court's March 25, 2025 order, the deadline for completion of all discovery is June 6, 2025. (ECF No. 47.) The discovery deadline was extended in response to Plaintiff's motion requesting a thirty-day extension of time to prepare for his deposition because he had other engagements on the original deposition date of April 2, 2025, and needed additional time to gather documentation needed during the deposition itself. (ECF No. 44.) Defendant agreed to the request and made arrangements to conduct Plaintiff's deposition on May 5, 2025. (ECF No. 46.) Despite Defendant's attempts to meet and confer with Plaintiff regarding a mutually agreeable date, defense counsel was unable to do so because Plaintiff refused to speak to Defendant's counsel. Defense counsel was advised by the Litigation Coordinator at Plaintiff's institution that it is difficult to ensure Plaintiff's attendance at appointments such as depositions because he refuses to come out of his cell. Defendant noted that a previous action filed by Plaintiff in this Court was terminated due to Plaintiff's refusal to attend or participate in a

deposition. *See Rabb v. Figueroa* ("*Rabb I*"), Case 1:23-cv-00843-JLT-SAB (E.D. Cal.). Accordingly, the Court granted Plaintiff's motion to continue the deposition and further warned Plaintiff that his failure to appear for or participate meaningfully in his deposition may subject him to sanctions, up to and including terminating sanctions. (ECF No. 47, p. 3.)

On April 21, 2025, Plaintiff filed a "Motion to the Court to Request that Defendant, and CDCR at Kern Valley State Prison be Ordered to Provide an Escort for Plaintiff's Deposition Date of May 5, 2025." (ECF No. 49.) Plaintiff requested that the Court take notice that he is under immediate threat at Kern Valley State Prison ("KVSP"), that such a threat upon his life exists currently, and that the Court order that KVSP designate a correctional officer(s) escort for Plaintiff. Plaintiff alleged that KVSP lied about providing an escort in *Rabb I*, which ultimately resulted in dismissal of that action. Plaintiff stated that CDCR defendants are now relying on Plaintiff to not exit his cell for scheduled deposition(s) and court proceedings, in order for them to prevail, as it then appears that Plaintiff is not cooperating with his obligations in this and other pending actions. Plaintiff therefore requested that an order be entered requiring KVSP-CDCR to provide an escort to and from the scheduled video conference to ensure Plaintiff's safety. (*Id.*)

The Court found it appropriate for Defendant to file a response to Plaintiff's motion and directed Defendant to address whether Plaintiff had previously raised with defense counsel any active concerns for his safety and KVSP's policy or practice regarding whether inmates are escorted by correctional staff to and from scheduled video appearances or whether inmates travel to and from video appearances unaccompanied by correctional staff. (ECF No. 50.)

On April 28, 2025, Defendant filed a response. (ECF No. 51.) Defense counsel declared that Plaintiff had not previously raised any specific safety concerns with defense counsel, and if Plaintiff had reported safety concerns about staff or other incarcerated persons to building staff, facility supervisors, he would be housed in a Restricted Housing Unit ("RHU") pending transfer to safer housing either within the same institution or another institution. Further, under KVSP's current practice, at the time of Plaintiff's deposition the control booth officer would open the cell door for Plaintiff to exit, Plaintiff would walk unaccompanied to a metal detector at the housing unit exit and walk across the housing unit yard. Staff controlling the observation tower would

1  then open a gate, allowing Plaintiff to access the patio area. Plaintiff would again pass through a
2  metal detector and receive a pat down search. Although Plaintiff would not have an escort up to
3  the patio area, he would be observed by correctional staff through this journey, especially the
4  control booth staff and the staff in the observation tower. A correctional officer would then escort
5  Plaintiff from the patio area to the Board of Parole Hearing area designated for video
6  appearances. After the deposition ended, Plaintiff would be escorted back to the patio area. (*Id.*)

7  In light of Plaintiff's motion, though unsubstantiated by any evidence of a threat, KVSP's
8  Litigation Coordinator will request that a correctional officer escort Plaintiff from his cell to the
9  building exit. (ECF No. 51-2 ("Hamilton Decl."), ¶ 13.) An escort may not be available if the
10 institution faces exigent circumstances threatening the safety of staff and other incarcerated
11 persons requiring backup support from correctional officers assigned to other duties. (*Id.* ¶ 14.)

12 Finally, defense counsel asserts that Plaintiff was previously provided an escort for his
13 deposition in *Rabb I*, but nevertheless Plaintiff refused to appear for the deposition. (ECF No. 51-
14 1, Ex. A.)

15 Based on Defendant's assertion that Plaintiff would be provided an escort for his
16 deposition, barring exigent circumstances, and the fact that Plaintiff's deposition was noticed for
17 May 5, 2025, the Court finds that Plaintiff's motion is now moot. As Plaintiff was previously
18 warned, if he nevertheless failed to appear for or participate meaningfully in his May 5, 2025
19 deposition, he may be subject to sanctions, up to and including terminating sanctions, pursuant to
20 Federal Rule of Civil Procedure 30(d)(2).

21 Accordingly, Plaintiff's motion for an escort for his deposition, (ECF No. 49), is DENIED
22 as moot.

23
24 IT IS SO ORDERED.

25   Dated:  **May 9, 2025**                         /s/ *Barbara A. McAuliffe*
26                                                         UNITED STATES MAGISTRATE JUDGE

27
28