1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

11 | DAMON D. RABB,

12 |              Plaintiff,

13 |      v.

14 | CABRERA, *et al.*,

15 |              Defendants.

16

Case No.  1:23-cv-01014-KES-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR TERMINATING SANCTIONS

(ECF No. 55)

**FOURTEEN (14) DAY DEADLINE**

17    **I.    Introduction**

18        Plaintiff Damen D. Rabb ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

19 *pauperis* in this civil rights action under 42 U.S.C. § 1983.  Currently before the Court is

20 Defendant's motion for terminating sanctions, filed August 5, 2025.  (ECF No. 55.)  Plaintiff did

21 not file a response or otherwise oppose Defendant's motion, and the deadline to do so has now

22 expired.  The motion is deemed submitted.  Local Rule 230(l).

23    **II.    Relevant Procedural Background**

24        This action proceeds on Plaintiff's first amended complaint against Defendant Cabrera for

25 failure to protect in violation of the Eighth Amendment.

26        Discovery in this action opened on August 7, 2024, with a deadline to complete all

27 discovery of April 7, 2025, and a deadline for filing all dispositive motions (other than a motion

28 for summary judgment for failure to exhaust) of June 16, 2025.  (ECF No. 39.)

1

Pursuant to the Court's February 6, 2025 order granting Defendant's motion to modify the discovery and scheduling order, the deadline for completion of all discovery was extended from April 7, 2025 to May 7, 2025, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) was extended from June 16, 2025 to July 16, 2025.  (ECF No. 43.)

Defendant served Plaintiff with a deposition notice on February 19, 2025.  (ECF No. 55-2, Declaration of Namrata Kotwani ("Kotwani Decl.") ¶ 2, Ex. A.)  The deposition notice stated that Plaintiff's failure to cooperate in the deposition may result in court-ordered sanctions, including dismissal of the case.  (*Id.* at Ex. A.)  The deposition was scheduled to take place on April 2, 2025, at Kern Valley State Prison.  (*Id.*)

On March 7, 2025, Plaintiff filed a motion requesting a thirty-day extension of time to prepare for his deposition because he had other engagements on the original deposition date of April 2, 2025, and needed additional time to gather documentation needed during the deposition itself.  (ECF No. 44.)  The Court directed Defendant to file a response addressing whether there was any opposition to Plaintiff's request, whether Plaintiff's deposition could be rescheduled to another date that was amenable to both parties, and whether any further extension of the discovery and dispositive motion deadlines was necessary in light of Plaintiff's request. Defendant was encouraged to attempt to meet and confer with Plaintiff as necessary and appropriate.  (ECF No. 45.)

Defendant filed a response to Plaintiff's motion on March 24, 2025.  (ECF No. 46.) According to the response, despite Defendant's attempts to meet and confer with Plaintiff regarding a mutually agreeable date, defense counsel was unable to do so because Plaintiff refused to speak to Defendant's counsel.  Defense counsel was advised by the Litigation Coordinator at Plaintiff's institution that it is difficult to ensure Plaintiff's attendance at appointments such as depositions because he refuses to come out of his cell.  Defendant noted that a previous action filed by Plaintiff in this Court was terminated due to Plaintiff's refusal to attend or participate in a deposition.  *See Rabb v. Figueroa* ("*Rabb I*"), Case 1:23-cv-00843-JLT-SAB (E.D. Cal.).  Defendant's counsel determined that Plaintiff's institution was able to

2

accommodate a deposition on May 5, 2025, the closest date to the thirty-day extension requested by Plaintiff. Subject to the Court's approval, Defendant's counsel would re-notice Plaintiff's deposition for that date. Defendant additionally requested an extension of the discovery and dispositive motion deadlines by thirty days. (ECF No. 46.)

On March 25, 2025, after considering Plaintiff's motion and Defendant's non-opposition, the Court found it appropriate to grant Plaintiff an extension of time to prepare for his deposition. (ECF No. 47.) The Court further found that Plaintiff could not claim prejudice by Defendant's selection of May 5, 2025, as the new deposition date, in light of Plaintiff's refusal to meet and confer with defense counsel regarding a mutually agreeable date. The Court granted Plaintiff's motion for an extension, directed that Plaintiff's deposition be re-noticed for May 5, 2025, and granted Defendant's request to modify the scheduling order. The discovery deadline was extended to June 6, 2025. The Court expressly warned Plaintiff that the failure to appear for or participate meaningfully in his deposition may subject him to sanctions, up to and including terminating sanctions. (ECF No. 47 at p. 3.)

On April 10, 2025, Defendant re-noticed Plaintiff's deposition for May 5, 2025, at 10:00 a.m. (Kotwani Decl. ¶ 3, Ex. B.)

On April 21, 2025, Plaintiff filed a "Motion to the Court to Request that Defendant, and CDCR at Kern Valley State Prison be Ordered to Provide an Escort for Plaintiff's Deposition Date of May 5, 2025." (ECF No. 49.) Plaintiff requested that the Court take notice that he was under immediate threat at Kern Valley State Prison ("KVSP"), that such a threat upon his life existed currently, and that the Court order KVSP to designate a correctional officer(s) escort for Plaintiff. Plaintiff alleged that KVSP lied about providing an escort in *Rabb I*, which ultimately resulted in dismissal of that action. Plaintiff stated that CDCR defendants were relying on Plaintiff to not exit his cell for scheduled deposition(s) and court proceedings, in order for them to prevail, as it then appears that Plaintiff is not cooperating with his obligations in this and other pending actions. Plaintiff therefore requested that an order be entered requiring KVSP-CDCR to provide an escort to and from the scheduled video conference to ensure Plaintiff's safety. (*Id.*)

The Court found it appropriate for Defendant to file a response to Plaintiff's motion and

1  directed Defendant to address whether Plaintiff had previously raised with defense counsel any

2  active concerns for his safety and KVSP's policy or practice regarding whether inmates are

3  escorted by correctional staff to and from scheduled video appearances or whether inmates travel

4  to and from video appearances unaccompanied by correctional staff.  (ECF No. 50.)

5      On April 28, 2025, Defendant filed a response.  (ECF No. 51.)  Defense counsel declared

6  that Plaintiff had not previously raised any specific safety concerns with defense counsel, and if

7  Plaintiff had reported safety concerns about staff or other incarcerated persons to building staff,

8  facility supervisors, he would be housed in a Restricted Housing Unit ("RHU") pending transfer

9  to safer housing either within the same institution or another institution.  Further, under KVSP's

10  current practice, at the time of Plaintiff's deposition the control booth officer would open the cell

11  door for Plaintiff to exit, Plaintiff would walk unaccompanied to a metal detector at the housing

12  unit exit and walk across the housing unit yard.  Staff controlling the observation tower would

13  then open a gate, allowing Plaintiff to access the patio area.  Plaintiff would again pass through a

14  metal detector and receive a pat down search.  Although Plaintiff would not have an escort up to

15  the patio area, he would be observed by correctional staff through this journey, especially the

16  control booth staff and the staff in the observation tower.  A correctional officer would then escort

17  Plaintiff from the patio area to the Board of Parole Hearing ("BPH") area designated for video

18  appearances.  After the deposition ended, Plaintiff would be escorted back to the patio area.  (*Id.*)

19      However, in light of Plaintiff's motion, though unsubstantiated by any evidence of a

20  threat, KVSP's Litigation Coordinator would request that a correctional officer escort Plaintiff

21  from his cell to the building exit.  (ECF No. 51-2 ("Hamilton Decl."), ¶ 13.)  It was noted that an

22  escort might not be available if the institution faced exigent circumstances threatening the safety

23  of staff and other incarcerated persons requiring backup support from correctional officers

24  assigned to other duties.  (*Id.* ¶ 14.)  Defense counsel also asserted that Plaintiff was previously

25  provided an escort for his deposition in *Rabb I*, but nevertheless Plaintiff refused to appear for the

26  deposition.  (ECF No. 51-1, Ex. A.)

27      On May 9, 2025, based on Defendant's assertion that Plaintiff would be provided an

28  escort for his deposition, barring exigent circumstances, and the fact that Plaintiff's deposition

4

was noticed for May 5, 2025, the Court found Plaintiff's motion for an escort was moot and denied the motion. The Court warned Plaintiff that if he nevertheless failed to appear for or participate meaningfully in his May 5, 2025 deposition, then he may be subject to sanctions, up to and including terminating sanctions, pursuant to Federal Rule of Civil Procedure 30(d)(2). (ECF No. 52.)

On May 16, 2025, Plaintiff filed a "Notice to the court regarding deposition," which was dated May 11, 2025. (ECF No. 53.) Plaintiff acknowledges that he was ordered to appear for a deposition and did not. He reportedly found the parameters detailed for the Court were "not sufficient, in that, no security or escort would have been provided during more than half the walk from housing unit to BPH would have been without the escort of staff." (*Id.*) Plaintiff further states that he "elect[s] to refrain from the terms provided by: Dustin Hamilton – KVSP/CDCR Litigation Coordinator, as set forth in his/her declaration to this court." (*Id.*) Plaintiff further states that the Court "has yet to render a disposition in Plaintiff's motion for an escort by KVSP personnel." (*Id.*) Plaintiff claims that his "decision to not attend my deposition comes only as a measure to preserve my safety." (*Id.*)

On August 5, 2025, Defendant filed the instant motion for terminating sanctions. (ECF No. 55.) Plaintiff did not file a response.

### III.    Defendant's Motion for Terminating Sanctions

Defendant moves for terminating sanctions for Plaintiff's failure to attend and cooperate in his properly noticed deposition on May 5, 2025, and his refusal to comply with this Court's order compelling his deposition testimony. Defendant brings the motion under Federal Rule of Civil Procedure 37 and Rule 41 on the grounds that Plaintiff's repeated failure to attend his own deposition, and to follow court orders, warrants the imposition of terminating sanctions. (ECF No. 55.)

In the motion, Defendant reports that on May 5, 2025, the date of Plaintiff's re-noticed deposition, KVSP's Litigation Coordinator reminded staff at Plaintiff's housing unit to provide him with an escort from his cell to the deposition at 9:20 a.m. (ECF No. 55-3, Declaration of Dustin Hamilton ("Hamilton Decl.") ¶ 4, Ex. E.) Before the deposition, defense counsel called

the Litigation Coordinator to confirm whether housing staff had advised Plaintiff that they would be providing an escort from his cell to the designated deposition area.  (*Id.* ¶ 5.)  The Litigation Coordinator confirmed that staff had informed Plaintiff about the escort.  (*Id.*)  Shortly thereafter, the litigation coordinator informed defense counsel that Plaintiff had refused to exit his cell and appear for the deposition.  (*Id.* ¶ 6, Ex. E.)  Defense counsel appeared by video for Plaintiff's deposition as scheduled at 10:00 a.m.  (Kotwani Decl. ¶ 6.)  Plaintiff did not appear for his deposition.  (*Id.*)  The officer present in the designated deposition area confirmed that Plaintiff was refusing to appear.  (*Id.*)  Defense counsel therefore requested the court reporter prepare a certificate of non-appearance.  (*Id.*, Ex. D.)  At 10:51 a.m., the Litigation Coordinator confirmed that Plaintiff had refused to appear despite being advised that a personal escort would bring him to the designated deposition area and back to his cell. (*Id.* ¶ 7, Ex. F.)

Plaintiff did not file any opposition or response to Defendant's motion.

## A. Legal Standard

The Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with the rules of discovery or a court order.  Rule 37 permits a court to dismiss an action or proceeding if a party fails to obey a discovery order or refuses to attend a properly noticed deposition. Fed. R. Civ. P. Civ. P. 37(d)(1)(A)(i), 37(b)(2)(A)(v).  "Dismissal, however, is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'"  *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (citation omitted).  Similarly, Rule 41(b) also provides for dismissal of an action for failure to comply with the rules of civil procedure or a court order.  Fed. R. Civ. P. 41(b).

Additionally, Local Rule 110 provides that the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate ... dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,

1  482 F.3d 1091, 1097 (9th Cir. 2007).

2  **A.    The Court Finds that Plaintiff has Acted Willfully and in Bad Faith**

3  Plaintiff's pro se status does not excuse intentional non-compliance with the Federal Rules

4  of Civil Procedure or court orders. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir.

5  2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation

6  rules as is a lawyer. . . .").  In the instant action, Plaintiff has been aware since the Court's

7  issuance of the initial discovery and scheduling order that he would be required to appear and

8  cooperate in a deposition.  (ECF No. 39.)  Plaintiff also has been warned multiple times that if he

9  failed to appear for or participate meaningfully in his deposition, then he may be subject to

10  sanctions, including terminating sanctions.  (*See* ECF Nos. 47, 52, 55-2, Ex. A.)

11  Defendant has noticed Plaintiff's deposition twice in this action and each time Plaintiff

12  has either delayed or refused to cooperate.  The first time Defendant noticed Plaintiff's

13  deposition, Plaintiff requested a thirty-day extension of time because he had other engagements

14  on the original deposition date, and he needed additional time to gather documentation for the

15  deposition.  (ECF No. 44.)  The Court granted the continuance, directed that the deposition be re-

16  noticed for May 5, 2025, and expressly warned Plaintiff that if he failed to appear for or

17  participate meaningfully in his deposition then he may be subject to sanctions, including

18  terminating sanctions.  (ECF No. 47 at 3.)

19  The second time Defendant noticed Plaintiff's deposition, Plaintiff requested that KVSP

20  be ordered to provide an escort to and from the deposition to ensure Plaintiff's safety.  (ECF No.

21  49.)  Even after KVSP informed Plaintiff that he would be provided an escort from his cell to the

22  designated deposition area, as he had requested, Plaintiff refused to exit his cell and refused to

23  appear as his deposition.  (Hamilton Decl. ¶¶ 5-7.)  Plaintiff claims that he found the parameters

24  previously detailed for the Court were not sufficient because no security or escort would have

25  been provided during more than half the walk from the housing unit to BPH.  (ECF No. 53.)

26  Plaintiff's excuse is not supported by the record, as KVSP staff informed Plaintiff on the day of

27  his re-noticed deposition that they were going to give him a personal escort up to BPH.  (ECF No.

28  55-3, Ex. F to Hamilton Decl.)  Plaintiff still refused to exit his cell.  (*Id.*)  There was no objective

1    reasonable basis to conclude that Plaintiff was justified in not appearing for his deposition.

2    "[D]isobedient conduct not shown to be outside the party's control is by itself sufficient to

3    establish willfulness, bad faith, or fault." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal.

4    2014).  Plaintiff acknowledges that he was ordered to appear for a deposition and did not.  (ECF

5    No. 53.)

6        Based on the foregoing, the Court finds that Plaintiff's conduct constitutes willful

7    disregard for the Court's orders, and bad faith in an effort to avoid being deposed.[1] The Court

8    now turns to the issue of whether terminating sanctions are appropriate.

9                    **B.  Terminating Sanctions are Appropriate**

10        The Court must consider five factors in deciding whether terminating sanctions are

11   warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

12   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

13   disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik v.*

14   *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1423

15   (9th Cir. 1986); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

16        The public's interest in expeditious resolution of litigation weighs in favor of dismissal.

17   The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation

18   always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted).  Here, Plaintiff's

19   conduct has delayed the proceedings and has deprived Defendant of his right to take Plaintiff's

20   deposition.  As the docket reflects, Plaintiff first sought to postpone his deposition, then sought a

21   personal escort, and then ultimately refused to attend his deposition despite being provided with

22   the requested escort.  Plaintiff's conduct has delayed discovery in this action and unnecessarily

23   multiplied these proceedings.  Plaintiff also has failed to comply with the Court's orders to attend

24   and participate meaningfully in his deposition.  Thus, the first factor weighs in favor of dismissal

25   of this action.

26

27   _____

[1] This is not the first time that Plaintiff's failure to attend his deposition has been found to be
willful conduct.  In *Rabb I*, the court found Plaintiff's failure to appear for his deposition to be
28   willful justifying terminating sanctions.  (Case No. 1:23-cv-00843-JLT-SAB, ECF No. 94.)

The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." *See Ferdik*, 963 F.2d at 1261. ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik."). As detailed in this order, the Court has devoted substantial time and resources addressing Plaintiff's required attendance at his deposition and his related motions. Because of Plaintiff's conduct, the Court also is required to devote substantial time to assess whether dismissal is appropriate. Plaintiff's conduct has diverted the Court from other cases and has required the Court to expend its limited resources addressing his motions and his failure to attend his deposition. The Court cannot effectively manage its docket if Plaintiff fails to comply with court orders and fails to attend his deposition. Thus, the second factor also weighs in favor of dismissal.

The third factor—prejudice to Defendant—also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir.2006) (quoting *Adriana Int'l Corp. v. Thoerren*, 913 F.2d 1406, 1412 (9th Cir.1990)). Defendant has been unable to take Plaintiff's deposition to discern the factual basis for the claims against him, investigate Plaintiff's claimed injuries, and uncover the facts that underlie potential defenses. Defendant also has been required to expend time and resources responding to Plaintiff's motions related to his deposition which have unduly delayed the proceedings in this case.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (citation omitted).

No lesser sanction is warranted. A district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the

1    discovery process. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). The

2    Court has considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions

3    would be ineffective, as Plaintiff would still be able to testify to information that he withheld

4    from Defendant at the deposition and the Court would have no practical way of excluding such

5    testimony. Monetary sanctions are also ineffective because of Plaintiff's *in forma pauperis*

6    status. He would likely be unable to pay any monetary sanctions. Additionally, the Court warned

7    Plaintiff about the consequences of noncompliance, but Plaintiff's conduct has indicated no intent

8    to comply with the Court's orders or to appear for a deposition. The Court finds that there are no

9    other, lesser sanctions that would be satisfactory or effective.

10       Further, the Court's warning to a party that failure to obey the Court's order will result in

11   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

12   *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's orders expressly warned

13   Plaintiff that if he failed to appear for his deposition, then he may be subject to sanctions,

14   including terminating sanctions. (ECF No. 47 at 43 ["**Plaintiff is warned that if he fails to**

15   **appear for or participate meaningfully in his deposition, he may be subject to sanctions, up**

16   **to and including terminating sanctions.**"]; *see also* ECF No. 52.) Thus, Plaintiff had adequate

17   warning that dismissal could result from his noncompliance.

18       **IV.    Conclusion and Recommendation**

19       For the reasons set forth above, the Court finds that terminating sanctions are justified and

20   HEREBY RECOMMENDS that:

21       1.   Defendant's motion for terminating sanctions, (ECF No. 55), be GRANTED.

22       2.   This action be DISMISSED with prejudice.

23       These Findings and Recommendations will be submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

25   **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

26   file written objections with the court. The document should be captioned "Objections to

27   Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**

28   **fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page**

number if already in the record before the Court.  **Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 8, 2025**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE